# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16CR00041-007 |
| v. | OPINION |
| GARY ALLEN GINN, | By: James P. Jones<br>United States District Judge |
| Defendant. | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Gary Allen Ginn, Pro Se Defendant.*

The defendant, Gary Allen Ginn, a federal inmate proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

The defendant pled guilty in this court to Count One of the Indictment on April 10, 2017, pursuant to a written plea agreement. Count One charged the defendant with conspiring to possess with the intent to distribute methamphetamine. Ginn was sentenced on July 13, 2017, to 151 months imprisonment.

In his § 2255 motion, the defendant contends that his counsel was ineffective in three ways. In Ground One, Ginn asserts that his counsel was ineffective at the guilty plea stage because he failed to properly advise him as to his rights and other matters related to pleading guilty. In Ground Two, he claims his counsel was

ineffective for failing to argue for a reduced sentence due to mitigating circumstances and his drug addiction. In Ground Three, Ginn asserts that his counsel was ineffective for failing to secure a sentence reduction due to his assistance to the government.

To state a viable § 2255 claim for relief, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

I must view the facts presented in the pleadings, evidence, and record in the light most favorable to the petitioner. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). However, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)[1] (holding that an evidentiary hearing is not necessary when the movant's allegations, viewed against the record

---

[1] I have omitted internal quotation marks, alterations, and citations throughout this opinion, unless otherwise noted.

of the plea hearing, are clearly incorrect). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation" by the Court. *United States v. Dyess*, 730 F3d 354, 359–60 (4th Cir. 2013).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

A defendant who has pled guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the guilty plea context, a petitioner must

also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010).

In Ground One of Ginn's 2255 Motion, he asserts that his counsel erroneously advised him during plea negotiations, that his counsel "waived" his challenge to the validity of the underlying search warrant by failing to "file any pretrial motions to contest the search warrants in the case," that his plea was involuntary, and that he would have proceeded to trial if he had been advised of his potential sentence. 2255 Mot. 19, ECF No. 997. These arguments are all undermined by Ginn's statements under oath during his guilty plea colloquy. At the beginning of the hearing, I asked Ginn whether he had had "an adequate opportunity to read and discuss [his] plea agreement with [his] lawyer before" he signed it, and he answered in the affirmative. Guilty Plea Hr'g Tr. 7, ECF No. 1106. I also asked Ginn whether he was satisfied with his counsel's advice, and he answered in the affirmative.

The prosecutor also advised him on the record, and he acknowledged, that he was "waiving numerous valuable constitutional rights" by pleading guilty, and that these rights were listed in his plea agreement. *Id.* at 8. The prosecutor also advised him, and Ginn acknowledged, that Count One had a maximum sentence of up to twenty years imprisonment, a maximum fine of $20 million, and at least three years of supervised release. Finally, the prosecutor advised Ginn "to make known to the

court prior to sentencing any dissatisfaction or complaint that [he] may have with [his] attorney's representation." *Id.* at 10. I also advised him that his Guidelines range of imprisonment would not be determined until the sentencing hearing and that I had the authority to impose a sentence that was more or less severe than the Guidelines range. Ginn indicated his understanding of this advice.

In the plea agreement, the government agreed to recommend a sentence within the Guidelines range and Ginn stipulated that his offense involved at least 500 grams of methamphetamine ice. Plea Agreement 3–4, ECF No. 318. The government also agreed to recommend a three-level reduction for acceptance of responsibility. During the sentencing hearing, I asked whether Ginn had reviewed and discussed the presentence investigation report with his counsel and he answered in the affirmative. Ginn clearly benefited from his plea agreement and cooperation with the government, as he was sentenced at the low end of the guidelines and later received an additional Rule 35 reduction.[2]

Ginn includes within his first ground an example of his counsel's alleged deficiencies. Specifically, his lawyer's refusal to challenge the underlying search warrants despite Ginn's belief that law enforcement erroneously stated that he was a convicted felon and could not possess a firearm. This subsumed point relies almost

---

[2] On November 6, 2018, I ordered that Ginn's sentence be reduced from 151 months to 113 months. Order, ECF No. 1085.

exclusively on legal conclusions without sufficient factual allegations to determine whether there is a colorable claim. *See Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (holding that the trial court has discretion to deny a 2255 motion without a hearing where the petition states only "legal conclusions with no supporting factual allegations."). Moreover, Ginn's criminal history includes three felony convictions that are sufficient to establish that Ginn had been a convicted felon and could not possess a firearm at the time of the search warrants. Ultimately, Ginn has failed to show that his counsel committed any unprofessional error during the plea-bargaining process or that he was prejudiced by any such error, as required by *Strickland*. Accordingly, I will grant the government's Motion to Dismiss as to Ground One.

In Ground Two, Ginn faults his attorney for failing to adequately prepare for his sentencing hearing, to offer mitigating evidence, to request his admission to the Residential Drug and Alcohol Program ("RDAP"), and to argue for a reduced sentence. However, Ginn's counsel specifically argued for his inclusion in RDAP and presented other facts suggesting a reduced sentence. For example, Ginn's counsel offered letters from Ginn's mother and daughter, as well as argued that Ginn only participated in the nearly five-year conspiracy for a period of six months and was, therefore, less culpable than other members of the conspiracy. As such, the

defendant has not shown, and cannot show, prejudice as required by *Strickland*. I will, therefore, grant the government's Motion to Dismiss as to Ground Two.

Ginn's third ineffective assistance of counsel claim based on his counsel's failure to ensure a sentence reduction due to his alleged cooperation with the government is now moot, because he was granted a Rule 35 reduction in his sentence shortly after his 2255 Motion was filed.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: January 16, 2020

/s/ JAMES P. JONES
United States District Judge